UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CASTILLO,
No. 54618-039,

       Petitioner,      Case No. 19-11238
                  Hon. Mark A. Goldsmith
v.

ACTING WARDEN WILSON,

       Respondent.
_____/

**ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

Robert Castillo, ("Petitioner"), presently confined at the Petersburg Medium Federal Correctional Institution in Petersburg, Virginia, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his pro se application, Petitioner claims that his sentence exceeded the sentencing guidelines and there is new evidence proving his innocence. Jurisdiction over this petition lies in the United States District Court for the Eastern District of Virginia, and the case will therefore be transferred to that district.

A district court may not entertain a habeas corpus petition unless it has personal jurisdiction over the custodian of the prisoner. Guerra v. Meese, 786 F. 2d 414, 415 (D.C. Cir. 1986). The habeas corpus power of federal courts over federal prisoners has been confined by Congress through 28 U.S.C. § 2241 to the district court within whose territorial jurisdiction the custodian is located. Wright v. United States Board of Parole, 557 F. 2d 74, 77 (6th Cir. 1977). A § 2241 habeas petitioner seeking to challenge his present physical custody must file the petition in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). As a result, habeas corpus

proceedings may occur in a court of confinement that is different from the court of conviction. See Martin v. Perez, 319 F. 3d 799, 803 (6th Cir. 2003). The fact that Petitioner was convicted in the Eastern District of Michigan does not give this Court jurisdiction over his § 2241 habeas petition, because the Court does not have jurisdiction over the warden of the federal prison where Petitioner is incarcerated. See Robinson v. Morrison, 27 F. App'x. 557 (6th Cir. 2001).

Pursuant to 28 U.S.C. § 1631, a district court is required to transfer an action in which it lacks jurisdiction to the appropriate federal jurisdiction "if it is in the interest of justice." See Roman v. Ashcroft, 340 F. 3d 314, 328 (6th Cir. 2003). Where a federal district court in which a habeas petition was brought lacks personal jurisdiction over the respondent or venue is otherwise inappropriate, the district court may transfer the case to the appropriate district court sua sponte. Chatman-Bey v. Thornburgh, 864 F. 2d 804, 813-814 (D.C. Cir. 1988). Because this Court does not have personal jurisdiction over Petitioner's custodian, it will transfer the case to the federal district court which has jurisdiction over Petitioner's custodian.

Accordingly, the Court orders the Clerk of the Court to transfer this case to the United States District Court for the Eastern District of Virginia.

SO ORDERED.

Dated: May 28, 2019  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2019.

s/Karri Sandusky  
Case Manager